UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **NICHOLAS BATISTE**<br>    **LA. DOC #540249**<br>**VS.** | **CIVIL ACTION NO. 3:15-cv-1878**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **MIKE TUBBS, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff, Nicholas Batiste, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 11, 2015. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC). He is currently incarcerated at the Morehouse Parish Jail; however, he complains that he was injured while employed in the Morehouse Jail's Work-Release program and then denied Worker's Compensation benefits and wrongfully discharged from the Work-Release program. He sued Morehouse Parish Sheriff Mike Tubbs, D and G Foods of Bastrop, Louisiana, and Strategic Workers Comp. of Alpharetta, Georgia.  He prays for his reinstatement into the Work-Release program, compensatory and punitive damages for neglecting his right to be reinstated into the program, and for all Workers Comp benefits he is entitled to. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Statement of the Case*

On October 13, 2014, plaintiff, a DOC prisoner, was employed in the Morehouse Parish Work-Release program and assigned to D.G. Foods in Bastrop, Louisiana. On that day, his left hand was injured and/or fractured by the "wing machine." He, or someone on his behalf, filed a Workers Comp claim with Strategic Workers Comp; that claim was assigned Claim Number 564616703. Plaintiff was "laid off even though [he] could still perform [his] duties. He was removed from the Work-Release Program and returned to the Morehouse Parish Jail and denied any future participation in the Work-Release Program in violation of the "45 Day Rule."

He sued the three named defendants praying for: (1) his reinstatement into the Work-Release program, (2) compensatory and punitive damages for neglecting his right to be reinstated into the program, and (3) for all Workers Comp benefits he is entitled to.

*Law and Analysis*

*1. Screening*

As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's civil rights complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A, even though he has paid the full filing fee. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based

2

on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## 2. "State Actor" and Exclusive Remedy

Plaintiff, invoking the jurisdiction of this Court pursuant to the provisions of 42 U.S.C. §1983, sued D and G and Strategic Workers Comp seeking all the Workers Comp benefits he is entitled to. "In order to recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978).

The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a state actor. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Plaintiff has sued his work-release employer and the employer's Workers Comp carrier; however, it is unclear whether these defendants may be considered a "state actors." Further, even assuming that these defendants are "state actors", plaintiff has alleged no facts to establish liability pursuant to §1983 insofar as he has alleged no violation of the Constitution and laws of the United States.

On the other hand, inmates who participate in Work-Release programs are not deemed to be employees of the state, but are considered the employees of their private employer and are

entitled to workers' compensation benefits. See *Rogers v. Louisiana Dept. of Corrections*, 2008-43,000 (La.App. 2 Cir. 4/30/08), 982 So.2d 252, 256, *writ denied*, 2008-1178 (La. 9/19/2008), 992 So.2d 931. Under Louisiana law, worker's compensation provides the <u>exclusive remedy for employees</u>, such as plaintiff, who were injured in the course of employment. *Harris v. Wal-Mart Stores, Inc.*, 205 F.3d 847 (5th Cir. 2000); see also La. R.S.23:1031; La. R.S.23:1032(A)(1)(a). Nevertheless, to the extent that plaintiff seeks "workers compensation" in this action, he is not entitled to such relief in this forum. He must pursue such claims as provided under Louisiana law. See La. R.S.23:1031 *et seq*. In short, plaintiff's claims against D and G and Strategic Workers Comp must be dismissed for failing to state a claim for which relief may be granted.

### 3. Work Release – Due Process/Equal Protection

Plaintiff sued Sheriff Tubbs for excluding plaintiff from the opportunity to continue working in the Morehouse Work-Release program. Plaintiff claims that Tubbs, who is a state actor, deprived him of his right to participate in the Morehouse Work- Release program; he thus implies that in so doing, the defendant deprived him of liberty or property without due process.

Plaintiff has neither a liberty nor property interest in the work release program and therefore his due process claims are frivolous. In *Welch v. Thompson*, 20 F.3d 636 (5th Cir.1994), the Fifth Circuit determined that La. R.S.15:1111, the statute which authorizes the Louisiana Department of Correction's (LDOC's) work-release program – entrusts the actual operation of the work release program to the LDOC. The court further determined that the statute does not dictate to the LDOC who it must put on work release. In short, the Fifth Circuit has held that "... La. R.S.15:1111 does not create a liberty interest subject to the Due Process Clause." *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir.1994). The statute is virtually identical to La.

R.S.15:711 which authorizes Parish Sheriffs, such as Sheriff Tubbs, to establish work-release programs. Indeed, the latter statute also provides, " Each sheriff shall establish written rules for the administration of the work release program and shall determine those inmates who may participate in the release program ..." Since the statutes are virtually identical in substance, it is safe to conclude that R.S.15:711, like its LDOC counterpart, R.S.15:1111, also does not create a liberty interest subject to the Due Process Clause. In other words, with regard to the Morehouse Work-Release program, the Sheriff determines who is and who is not eligible to participate. Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore plaintiff cannot show that his rights to due process have been violated.

To the extent that plaintiff also implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, such an argument also lacks an arguable basis in law and fact. In *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it. Rather, he must "have a legitimate claim of <u>entitlement</u> to it." *Id.* (emphasis supplied). Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of interests that a person has already acquired in specific benefits." *Id.* at 576, 92 S.Ct. at 2708. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit..." *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir. 1988). Plaintiff can point to no rule or understanding which entitles him

5

to participate in the program. In any event, the Fifth Circuit has also held that prisoners have no property interest work-release employment. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir.1995). Plaintiff is not entitled to participate in any particular work-release program and therefore to the extent that he implies that he was denied either a liberty interest or a property right in violation of the Due Process Clause, such claims are subject to dismissal as frivolous.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, September 25, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**